**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

**BAILEY JOHNSON,**

        Plaintiff,                        No. 1:23-cv-00761-CL

        v.                                **OPINION & ORDER**

**ALLERGY AND ASTHMA CENTER
OF SOUTHERN OREGON, PC,**

        Defendant.

---

AIKEN, District Judge.

This case comes before the Court on a Findings and Recommendation ("F&R") filed by Magistrate Judge Mark Clarke.  ECF No. 52.  Judge Clarke recommends that Defendants' Motion for Summary Judgment, ECF No. 38, be granted.

Under the Federal Magistrates Act, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress,

in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."). Although no review is required in the absence of objections, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Id.* at 154. The Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court should review the recommendation for "clear error on the face of the record."

In this case, Defendants have filed Objections, ECF No. 54, and Plaintiffs have filed a Response, ECF No. 55.

## BACKGROUND

There is no factual dispute about the actions of the parties. On June 4, 2024, at 8:59 a.m., Plaintiff's counsel, Ray Hacke, emailed Defendant's counsel, Casey Murdock, saying that his client had agreed to $23,000, but "I'm still working with her to figure out how she wants to allocate what she receives." Murdock Decl., Ex. 1 at 5, ECF No. 39

Murdock replied at 9:00 a.m. and proposed an allocation from a different case, referred to as "Dart," that both lawyers had worked on, which would have left the allocation to the court to determine. *Id.* at 4.

In reply, at 9:22 a.m., Hacke indicated that Plaintiff was resistant to taking any of the settlement as wages. *Id* at 3.

Page 2 – OPINON & ORDER

Later that day, at 3:06 p.m., Hacke emailed Murdock again, but this time he said, "[m]y client wants it all as economic damages," which is to say, entirely wages. *Id.*

Murdock replied five minutes later, at 3:11 p.m. stating, "[t]hat's certainly the safest way to proceed, but I'll have to clear it with my folks. It will cost them more money too." *Id.* at 2.

A few days later, Hacke and Murdock discussed another term—whether Hacke's firm would be taking a fee, which they were not. *Id.* at 1. On June 15, 2024, Murdock sent a "draft release to [his] client for approval." *Id.*

On June 20, 2024, at 11:09 a.m., Murdock sent Hacke the draft release, and Hacke sent that to his client only a few minutes later, at 11:14 a.m. ECF No. 54-3 at 1. Just over an hour later, at 12:33 p.m., Plaintiff replied to Hacke pointing out that he had reversed Plaintiff's position regarding the allocation of damages: she had instructed him she wanted it all as non-economic damages and Hacke had communicated the complete opposite to Murdock. *Id.* at 7. Hacke withdrew from the case, and Plaintiff is proceedings pro se. ECF No. 27.

On this record, Defendants moved for summary judgment to enforce the settlement of $23,000 all payable as economic damages. Pl. Mot. at 10. Judge Clarke has recommended granting that motion. F&R at 1.

The Court reviews the entire F&R *de novo* and disagrees with its conclusion.

**DISCUSSION**

The issue before the Court is whether to enforce the proposed settlement contained in the emails between counsels for the parties in June 2024.

In *Wieck v. Hostetter*, 274 Or. App. 457, 474 (2015), the Oregon Court of Appeals when deciding to enforce a settlement agreement prior to signing found that:

> "Although the agreement indicated that a written release would follow
> . . .*there is no suggestion that the parties intended the agreement to be
> tentative or unenforceable until the signed release was obtained.* To the
> contrary, every indication from the parties' actions objectively
> manifested their mutual understanding that their dispute had been
> settled, notwithstanding the lack of a written release agreement."

*Id.* (emphasis added).

Here, Defendant, in no uncertain terms, expressed that the settlement agreed to in the emails was tentative and unenforceable. Defendant did so in the draft agreement itself, which states:

> "A. Employee had a reasonable time within which to consider this
> Agreement before executing it, and no one coerced or induced her into
> executing this Agreement;
>
> B. Employee has consulted with counsel of her choice, has *carefully read
> and fully understands* all of the provisions of this Agreement;
>
> …
>
> F. *Employee has 21 (twenty-one days) within which to consider the
> Agreement's terms* ("Consideration Period"), and if she elects to sign and
> return this Agreement to EMPLOYER prior to the Consideration Period
> expiring, she is knowingly and voluntarily waiving her right to have 21
> (twenty-one) days to review and consider the Agreement;
>
> G. *Employee has 7 (seven) days from the date she signs this Agreement to
> revoke it by providing such revocation* to the Employer in writing, before
> the expiration of the seven-day period. The written notice shall be sent
> to Allergy and Asthma Center of Southern Oregon, P.C., c/o Casey S.

Murdock, counsel for EMPLOYER, at 2592 E Barnett Rd., Medford, Oregon 97504;

H. *This Agreement is not effective or enforceable until the expiration of the seven-day period* and shall become final and binding upon the expiration of the seven-day period if there is no written revocation."

ECF No. 39, Ex. 2 at 11.[1] (emphasis added)

Defendant's own settlement agreement specifically included both a time for Plaintiff—the principal—to review and consider the agreement and a period for her to revoke it *after signing*. The agreement contemplates Plaintiff having counsel but also that the Plaintiff would be the one considering and signing the agreement herself and not through an agent. Furthermore, the agreement expressly delays its effectiveness and enforceability until after the revocation window closed. This is strong evidence, from Defendant and in Defendant's own words, that the agreement was tentative and unenforceable prior to being signed by Plaintiff.

Defendant's motion rests on the premise that the email chain between the attorneys was an "unequivocal agreement to settle the case," Def. Mot. at 10, and that Defendant reasonably relied on the apparent authority of Hacke to bind Plaintiff. *Id.* at 9.

The draft agreement makes clear that Defendant did not rely on Hacke and was not under the impression the settlement was finalized prior to Plaintiff herself signing off. The draft agreement was written after the emails, yet it included a

---

[1] These terms appear in a section with the heading: "Waiver Period: Age Discrimination in Employment Act." The heading is disregarded under the terms of the agreement, which states: "The various headings used in this Agreement are inserted for convenience only and shall not affect the meaning or interpretation of the Agreement or any provision of it." ECF No. 39, Ex. 2 at 13.

Page 5 – OPINON & ORDER

consideration period, a revocation window, and a statement that it was not final or binding until seven days after signing by Plaintiff, not her agent.

In fact, if Plaintiff *had* signed the agreement, she would have been able to revoke her acceptance within seven days under its terms. Defendant's theory requires this Court to accept that by not signing the draft agreement, Plaintiff was more strongly bound than if she had in fact signed it.

In sum, the express terms of the agreement drafted by Defendant cannot be reconciled with Defendant's motion and its claims of reliance on the apparent authority of Plaintiff's attorney.

## <u>ORDER</u>

The Court declines to adopt the F&R, ECF No. 52. Defendant's Motion for Summary Judgment, ECF No. 38, is DENIED. Accordingly, Plaintiff's Motion for Reconsideration, ECF No. 60, is MOOT.

It is so ORDERED and DATED this  23rd  day of March 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge

Page 6 – OPINON & ORDER